# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| DARREN SCOTT BRADLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09 cv 1213 |
| ) | |
| DENNY SMITH, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus filed by Petitioner, Darren Scott Bradley (Doc. 1). For the reasons set forth below, the Petition is DISMISSED WITH PREJUDICE.

### BACKGROUND

Petitioner is serving a 293 month sentence and has a scheduled release date January 11, 2018. The Petition concerns a disciplinary hearing related to an incident on November 25, 2006. On that date, Petitioner was charged with insolence towards a staff member when he spit on the floor by the foot of a correctional officer. An incident report was delivered to Petitioner on November 28, 2006.

The incident was initially investigated by the Unit Discipline Committee (UDC) on November 30, 2006. The UDC recommended a further hearing before the

Discipline Hearing Officer (DHO) and recommended various punishments including loss of good conduct credit.[1]

A first hearing on this incident was held on December 6, 2006 by DHO. (Doc. 1, p. 12). At the hearing, Petitioner did not request a staff representative, did not present witnesses, and stated that he did not commit the actions charged. (Doc. 1, p. 12). The DHO found that Petitioner committed the acts charged and based his decision on staff statements. (Doc. 1, p. 13). Petitioner was sanctioned with 15 days of disciplinary segregation, the loss of 13 days of good conduct credit, and the loss of 90 days of commissary use. (Doc. 1, p. 13). Petitioner was given a copy of the DHO's decision on January 19, 2007. (Doc. 1, p. 13). On January 25, 2007, Petitioner appealed the DHO's decision to the North Central Regional Office. (Doc. 1, p. 14). In this appeal, Petitioner states that a video would show that he did not commit the acts alleged. On March 2, 2007, the Regional Office found that a "procedural error" necessitated a "return" of the "disciplinary packet to the institution for review." (Doc. 1, p. 18).

---

[1] Regulations provide that when a correctional officer or staff observes or believes that an inmate has violated rules and regulations of the prison, he must prepare an Incident Report and a prompt investigation must be conducted. 28 C.F.R. § 541.14. A UDC, which is comprised of prison staff members delegated by the Warden, then holds an initial hearing and may impose minor sanctions; if the alleged violation is serious, the matter is referred to the DHO for a further hearing. 28 C.F.R. § 541.15. The DHO then conducts a hearing, makes findings, and imposes appropriate sanctions. 28 C.F.R. § 541.16. An inmate is entitled to notification of the charges against him, can request the assistance of a staff member to represent him before the DHO and conduct limited investigation, may make a statement and present documentary evidence and witnesses, and is entitled to be present at the hearing (with various stipulations and restrictions). 28 C.F.R. § 541.17.

A second incident report, governing the same incident, was written and delivered to Petitioner on March 8, 2007; a modified incident report (wherein the time of the incident was changed) was delivered to Petitioner on March 27, 2007). A second hearing before the DHO was held on March 28, 2007 in which the DHO again found that Petitioner committed the prohibited acts. (Doc. 1, p. 24). The DHO specifically indicated that he reviewed Petitioner's written statement but gave greater weight to the statements of staff. (Doc. 1, p. 24). The decision resulted in the same sanctions and was delivered to Petitioner on April 11, 2007. Petitioner appealed the DHO's second decision to the General Counsel at the Central Office on April 16, 2007 stating that a re-writing of the incident report was not authorized by law and that his due process rights were violated by the DHO. (Doc. 1, 26). This appeal to the Central Office was rejected as untimely on April 24, 2007. On August 11, 2007, Petitioner filed an appeal to the Regional Office again challenging the re-writing of the incident report. (Doc. 1, 31). That appeal was rejected as untimely on August 21, 2007 (Doc. 1, p. 32).

On November 5, 2007, Petitioner filed a *Bivens* action in this Court concerning the above incidents (*Bradley v. Wheeler, et al.*, 07-cv-1294). That action was dismissed, without prejudice, on May 13, 2009 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). This action follows.

## DISCUSSION

Respondent first argues that Petitioner failed to exhaust his administrative remedies when he appealed the DHO's April 11, 2007 decision directly to the Central Office, prior to appealing to the Regional Director.

Prior to filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 regarding prison disciplinary procedures, a Petitioner must exhaust available administrative remedies. *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986). If Petitioner fails to exhaust his remedies his claims are procedurally defaulted unless he can show cause and prejudice for default. *Id.*

After a DHO has rendered a decision he must provide written notice to the inmate and notify him that he may appeal in accordance with the Administrative Remedy Program, 28 C.F.R. §§ 542.10, *et seq*. This regulation first provides for informal resolution through the Warden of the institution where he is housed. 28 C.F.R. § 542.13(a). If unsatisfied, an inmate may appeal a decision to the Regional Director within 20 days of the Warden's signed response. *Id.* at § 542.15(a). An inmate may appeal the Regional Director's response within 30 days to the General Counsel. *Id.* In the inmate disciplinary context, an appeal of the DHO's decision must be filed "directly to the appropriate Regional Office." 28 C.F.R. § 541.19. The reviewing official may either "approve, modify, reverse, or send back with direction, including ordering a rehearing" the decision of the DHO. *Id.* The General Counsel specified in the regulations is responsible for administrative remedies at the Central Office level. 28 C.F.R. § 542.11.

There is no question that Petitioner attempted to make use of administrative remedies. When the DHO issued its first decision regarding the incident to Petitioner, on January 19, 2007, Petitioner timely appealed to the Regional Director on January 25, 2007. The Regional Director's decision was rendered, on March 2, 2007, and indicated that a procedural error required sending the matter back to the institution for further review. The Regional Director's decision further informed Petitioner that if was dissatisfied with this response, he was required to file an appeal with the Office of General Counsel within 30 days. Petitioner *did not* file an appeal with the Office of General Counsel within 30 days (or by April 1, 2007).

The DHO's second decision was given to Petitioner on April 11, 2007. Petitioner bypassed an appeal to the Regional Director and filed an appeal with the General Counsel directly on April 16, 2007. In this appeal, Petitioner challenges the re-writing of the incident report. However, by failing to *first* appeal to the Regional Director, Petitioner failed to exhaust his remedies.

Petitioner offers no cause and prejudice for his failure to exhaust administrative remedies. In his reply memorandum, Petitioner appears to assert that his April 16, 2007 appeal to the General Counsel was in response to the Regional Director's March 2, 2007 decision to return the matter to the DHO for a rehearing. Even if this was the case, the appeal was clearly untimely. Petitioner has not provided any other excuse as to why he failed to timely appeal the DHO's decision to the appropriate administrative body.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus filed by Petitioner, Darren Scott Bradley (Doc. 1) is DISMISSED WITH PREJUDICE. CASE TERMINATED

Entered this <u>10th</u> day of August, 2010

<u>  s/ Joe B. McDade  </u>
JOE BILLY MCDADE
Senior United States District Judge
